HENRY M. CARCIOFI vs. BOARD OF APPEAL OF BILLERICA. May 19, 1986. *Zoning*, Nonconforming use or structure, Lot.

On July 15, 1953, Henry M. Carciofi and Richard Gertz became the owners, as tenants in common, of lot 2 of the "Airy Acres" development in Billerica. Lot 2 has a frontage of 100 feet on Patten Road and an area of 67,518 square feet. At the time of the acquisition of lot 2 by Carciofi and Gertz, the applicable zoning by-law provided that, for single-family residences in residential districts, frontage must be not less than 75 feet and area not less than 7,500 square feet.

From July 9, 1951, Carciofi owned, individually, lot 3 of Airy Acres. This adjoins lot 2 and has a frontage of about 100 feet and an area of 69,522 square feet.

In 1956, by amendment of the zoning by-law, the lots became part of a "rural residence district" in which minimum frontage of 150 feet and minimum area of 30,000 square feet were required. The 1956 amendment carried a "grandfather" provision. It is stipulated by the parties that lot 2 "was a vaild pre-existing lot protected by grandfather clause status" under the amendment.

On February 21, 1959, Carciofi caused lot 3 to be conveyed to himself and his wife Rose as tenants by the entirety. In April, 1962, Richard Gertz conveyed his one-half interest in lot 2 to Carciofi and wife as tenants by the entirety. Thus lot 2 was owned one-half by Carciofi and wife as tenants by the entirety, and one-half by Carciofi individually.

In October, 1970, the by-law was again amended, this time to require minimum frontage of 200 feet, and minimum area of 50,000 square feet. The language of the by-law's grandfather clause had been somewhat altered in 1965 and in that form has remained in the by-law.

On November 7, 1980, Carciofi and wife conveyed lot 3 to Darcy and Isolde Deer.

In 1983, Carciofi, desiring to build on lot 2, was informed that he needed a variance. Accordingly, he applied to the board of appeal in March, 1984, requesting a variance from the frontage requirement in order to build a one-family house on the lot. When his application was denied, he appealed to the Superior Court under G. L. c. 40A, § 17; he also cited G. L. c. 213A.

Upon trial, a judge of the Superior Court held that lot 2 was grandfathered and the plaintiff would thus be entitled to a building permit. He did not find it necessary to reach the question of a variance.

We agree with the judge. As noted, the parties agree that in 1956 lot 2 was protected although nonconforming as to frontage. The grandfather clause of the 1956 by-law had a proviso that "such lot did not at the time of the adoption of this amendment adjoin other land of the same owner available for use in connection with such lot." The proviso of course did not apply to the situation in 1956. Neither did it apply after the conveyances of 1959 and 1962: First, there was no single ownership of both lots at the time (or at any time), as lot 3 was owned by Carciofi and wife as tenants by the entirety, while lot 2 was held in the different ownership above described. Second, even if it be assumed that in some rough sense the two lots were owned by "the same owner" in 1962, the lots were not so owned at the time of the adoption of the amendment in 1956, as the text of the proviso specified. The board of appeal offered nothing amounting to an argument in its brief or orally to persuade us that the grandfathered status of lot 2 was changed by the events through 1962 or that the grandfathering text of the 1965 by-law purported to defeat that protected status.[1]

Although Carciofi's pleading in Superior Court dealt with the variance, the question of the grandfathering provisions was raised and decided (note that G. L. c. 231A, the declaratory action statute, was invoked in the pleading).

There is no bar to the review and affirmance of that decision on this appeal.

*Judgment affirmed.*

*Edward J. Owens* for the defendant.
*Stephen A. Nelson* for the plaintiff.

---

[1] Indeed, the 1965 text, regarding "the same owner," looks to the date of the by-law amendment that made the lot nonconforming — here 1956. The 1965 language is: "such lot did not at the time of the adoption of any amendment making said lot non-conforming adjoin other land of the same owner available for use in connection with such lot." See *Girard* v. *Board of Appeals of Easton*, 14 Mass. App. Ct. 334, 336 (1982). Compare *Adamowicz* v. *Ipswich*, 395 Mass. 757, 762-763, 764 (1985).

